LOBRANO, Judge.
This is an appeal from two judgments rendered by the lower Court, both in favor of the defendants-appellees, Barker’s Department Store (Franklin Stores) and The Home Insurance Company dismissing plaintiff-appellant’s claims for workmen’s compensation benefits. From these judgments plaintiff-appellant has appealed.
STATEMENT OF FACTS
Plaintiff-appellant alleges that on July 3, 1978 while in the course and scope of her employment with Barker’s Department Store No. 418 on Judge Perez Drive in Chalmette, Louisiana, she sustained injuries when two boxes of glass fell striking her on the shoulder and straining her back, neck and shoulder. She was seen by Dr. W. Hammond Newman four days after the accident and was treated off and on by Dr. Newman until March 31, 1980. Dr. Newman’s diagnosis was a tear of the ligaments of the lumbar vertebrae. Ms. Thomas was absent from work three days immediately after the accident and approximately 30 total days. Ms. Thomas did not make a *558 claim for workmen’s compensation benefits against Barker’s Department Store or their insurer, The Home Insurance Company, nor did Barker’s Department Store or the Home Insurance Company make any workmen’s compensation payments to Ms. Thomas. Ms. Thomas first made a claim for compensation benefits when she filed Suit No. 36-768 in the 34th Judicial District Court for the Parish of St. Bernard on May 28, 1980. Exceptions of prescription were filed by defendants and were sustained by the trial court. From that judgment plaintiff-appellant has appealed.
Plaintiff-appellant also alleges that on March 3, 1979 while working within the course and scope of her employment with Barker’s Department Store she was injured when several boxes of push brooms fell on her. Appellant did not return to work after that accident. She was treated three days thereafter again by Dr. Newman and continued to see him on an on-and-off basis through March 31, 1980. As with her prior accident appellant did not make a claim for workmen’s compensation benefits nor were any benefits paid. Appellant then filed suit No. 36-766 on May 28, 1980 in the 34th Judicial District Court, which suit was answered by an exception of prescription. That exception was also upheld. Both of these matters have been consolidated on appeal.
The workmen’s compensation statute generally provides that a claim for benefits shall be barred unless suit is filed within one year after the accident. A claim specifically excluded from the one year limitation is one “where the injury does not result at the time of, or develop immediately after the accident.” In that instance, “the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.” La. R.S. 23:1209, Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956) and Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La.1978) provide the jurisprudential interpretation of the “development of injury rule.”
As stated in Wallace, supra, 86 So.2d at p. 526:
“Development, as applied to a compensa-ble injury, signifies something more than occurrence and pain. It connotes the time when disability to perform work becomes manifest either to the injured employee or his employer.”
As explained in Bolden, supra, at p. 422: “The underlying rationale of the Wallace rule is that an employee who becomes disabled after the prescriptive year (but within two years after the accident) will not be penalized by the loss of his compensation rights, unless he fails to bring suit to enforce them within one year after it is manifest, rather than conjectural, that he has a compensable claim.”
In the case at bar, the plaintiff visited her physician within a few days of both accidents. According to plaintiff’s answer to interrogatories she missed a total of 30 days after the accident of July 3, 1978. When plaintiff visited Dr. Newman on March 6, 1979 approximately 3 days after her second accident she gave him a history of being injured in the earlier accident. Plaintiff by her own testimony at the trial of the exception indicates that her injuries manifested themselves immediately after both accidents.
“Q. Why if you know of your own mind and you could tell the court did you come to an attorney after a year rather than before the year was up? Do you know Rosemary?
A. Because I needed an attorney because Barkers my employer were not interested in what nature of my problem being hurt on that job. They do nothing for me. I told the manager and whatever they were over me, the department head. I went to the doctor right after the accident. I was treated at St. Claude Hospital. Nobody took interest of what I was saying. Took my name and accident report. I never knew how I was going to be affected and what way I was going to be affect *559 ed. I was considerably ill and I was still working at the same time. Nobody was interested in what was going on with me. I needed to come to an attorney. I didn’t have money to pay all of those doctor’s bills anyway. I had an insurance with them. I was employed there. Everytime I tell something they said I always had to go to the doctor.”
The evidence establishes that Ms. Thomas suffered two traumatic events, suffered immediate pain, displayed objective signs of injury, and sought and obtained medical evaluation.
Defendant correctly asserts that this is not a situation where an employee becomes disabled as a result of successive traumatic incidents on the job without being able to attribute his disability to a single event; or where a relatively minor trauma did not cause immediate pain; or, where an employee is injured and sustains pain but continues to work believing he can perform his duties, only to subsequently find the injury has developed to a state of disability. Thus the rule allowing prescription to take effect at the expiration of “one year from the time the injury develops” does not apply.
Counsel for appellant advances the novel legal argument that plaintiff’s physical injuries created within her an emotional state such that she was prevented from realizing the legal ramifications of her injury until after one year from the date of the accident. The failure of a litigant to recognize the legal ramifications of an injury is not a factor which interrupts the running of prescription. To so hold would destroy the efficacy of prescription as a bar to dilatory claims.
Additionally it should be noted that Ms. Thomas had been receiving treatment for depression and anxiety on and off since 1948. The medical report which was allowed into evidence by Judge Gauthier indicates that she was first seen in the office of Mental Health and Substance Abuse by Dr. Walls on August 31, 1979 and was seen every other week thereafter. In addition, Dr. Walls’ reports indicated that Ms. Thomas became increasingly distraught about her situation in her home life. There was no history given to Dr. Walls by Ms. Thomas of either of the accidents nor is there any reference in his reports that either accident played any part in her depression.
For the above and foregoing reasons the decision of the trial court is affirmed. Plaintiff to bear all costs of this appeal.
AFFIRMED.